IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:17-CV-32-FL

| | |
|---|---|
| JIMMIE R. BAILEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross motions for judgment on the pleadings. (DE 11, 15). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered memorandum and recommendation ("M&R"), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm defendant's decision. Plaintiff timely filed objections to the M&R, and defendant moved to file late response (DE 19) and responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R as its own, grants defendant's motions, denies plaintiff's motion, and affirms defendant's final decision.

**BACKGROUND**

On June 2, 2015, plaintiff protectively filed an application for a period of disability and disability insurance benefits, alleging disability beginning March 9, 2015. The claims were denied initially and upon reconsideration. Plaintiff filed a request for hearing before an administrative law judge ("ALJ"), who, after an August 30, 2016, hearing, denied plaintiff's claims by decision entered October 26, 2016. Following the ALJ's denial of his applications, plaintiff timely filed a request

for review, and the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed a complaint in this court on March 21, 2017, seeking review of defendant's decision.

## COURT'S DISCUSSION

A. Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence [is] . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since March 9, 2015. At step two, the ALJ found that plaintiff had the following severe impairments: post-traumatic stress disorder ("PTSD"), alcohol dependence, and mild bilateral knee arthritis and hip arthralgia. However, at step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work:

> The claimant requires a sit-stand option at one-hour intervals throughout the workday. He can occasionally climb ramps or stairs, but can never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, or crawl. He can occasionally operate foot controls bilaterally. The claimant should avoid concentrated exposure to moving machinery, hazardous machinery, and unprotected heights. The claimant can perform simple, routine, repetitive tasks with no interaction with the general public and only occasional interaction with coworkers and supervisors in a low stress job, defined as having only occasional decision making and occasional changes in the work setting.

(Tr. 18-19). At step four, the ALJ found that plaintiff was unable to perform any past relevant work. At step five, the ALJ found that there were jobs in the national economy that plaintiff can perform. Accordingly, the ALJ concluded that plaintiff was not disabled from the alleged disability onset date through the date of decision.

B.     Analysis

Plaintiff argues that the ALJ erred in three respects: 1) in finding that plaintiff has the RFC to perform a reduced range of light work; 2) in failing to find that plaintiff's psychiatric impairments meet listings 12.04 and 12.06; and 3) in failing to accord proper weight to the opinion of Dr. Kathy Mayo, plaintiff's treating psychiatrist. The magistrate judge cogently addressed these arguments

in the M&R. Upon careful review of the M&R and the record in this case, the court adopts the analysis in the M&R as its own. The court writes separately to address the argument raised in plaintiff's objection. In particular, plaintiff suggests that the ALJ failed to take into account properly medical records from the United States Department of Veterans Affairs ("VA") in discrediting plaintiff's testimony, the opinion of Dr. Mayo, and a 100% disability rating for PTSD.

Contrary to plaintiff's argument, however, the ALJ thoroughly discussed VA medical records and accurately characterized such records as being inconsistent with plaintiff's testimony, the opinion of Dr. Mayo, and 100% disability rating for PTSD. On the one hand, as noted by the ALJ, Dr. Mayo found that plaintiff had marked and extreme limitations in areas of mental functioning, and repeated episodes of decompensation, (Tr. 22; 560-562), findings that are consistent with some aspects of plaintiff's testimony and a 100% VA disability rating, which requires total occupational and social impairment. (Tr. 21; 24). On the other hand, as described in detail by the ALJ, VA treatment records and other aspects of plaintiff's testimony demonstrated much milder functional limitations and manageable or improving symptoms over the time period in question.

For example, as noted by the ALJ:

> the claimant also testified that he was able to attend classes in school in a small class setting. His treatment notes show he was able to interact with others in his group therapy sessions and could respond appropriately in his individual sessions. Over time, the claimant reported improvement in his irritability and anger. He was able to attend a New Year's event in New York City with his wife (Exhibits 6F, 8F, 9F, and 12F).

(Tr. 17; see, e.g., Tr. 342-354; 482-87; 490-96; 527-42). In addition:

> With ongoing treatment, the claimant has reported improvement in [his] symptoms [of nightmares and intrusive thoughts]. Furthermore, his mental status examinations have been largely unremarkable, with organized and logical thought, normal thought processes, and fair concentration (Exhibits 1F, 2F, 6F, 7F, 11F, 12F, and 13F).

5

> During a consultative examination, the claimant had clear thought processes, appropriate mood, normal memory, and good concentration (Exhibit 5F).

(Tr. 17-18; see, e.g., Tr. 298-309; 332-336; 341-353; 419-438; 441-446). The ALJ continued with a detailed and balanced assessment of plaintiff's mental health treatment records:

> In June 2014, the claimant reported some improvement in his nightmares with treatment. The claimant's medications were adjusted as the claimant had experienced headaches with dosage increases in the past. He did not report any overt recent depression and reported improvement with medications. The claimant denied any major depression or excessive anxiety. His mental status examination showed well-organized thought with good judgment and stable impulse controls. He received ongoing counseling and medication management through the VA and his mental status examinations remained essentially unremarkable. He also engaged in alcohol counseling and anger management. In February 2015, the claimant described moderate to severe post-traumatic stress disorder symptoms and reported two incidents in the past with coworkers at work. He reported no decrease in his symptoms in April 2015 (Exhibit 2F). During a session with his private treating therapist in March 2015, the claimant reported increased depression. His mental status examinations showed normal thought processes, fair concentration, and appropriate grooming. The claimant continued to report some nightmares and post-traumatic stress disorder symptoms. He stated his mood was angry at times and the claimant still dealt with anger management issues (Exhibit 1 F). The claimant continued to report ongoing depression, though his mental status examinations remained the same (Exhibit 7F). However, his VA treatment notes show that the claimant's mood had become manageable. He had reduced his alcohol use and reported improvement in his mood fluctuations and nightmares. The claimant reported low-grade anxiety, but no overt depression. In September 2015, the claimant described moderate to severe post-traumatic stress disorder symptoms. He stated he planned to stop working, as work had become one of his major stressors and he wished to engage in activities that would help reduce his stress. The claimant engaged in group therapy in October 2015 (Exhibit 6F). The claimant reported that his medications helped his mood in November 2015, stating that he would still get irritable, but was able to utilize his anger management skills. The claimant said he even attended a football game with his wife (Exhibit 9F). The claimant responded appropriately during his individual therapy sessions and his impulse control was intact, though his mood was slightly anxious. He also reported his wife was recently out of work on disability (Exhibit 8F). In December 2015, the claimant reported to his private treating therapist that he still had anger issues and depression, though his mental status examinations revealed normal thought processes and fair concentration. In February 2016, the claimant alleged he was unable to deal with the public (Exhibit 11 F). However, the claimant reported to the VA therapist that he went to New York City for the Times Square New Year's Eve celebration, surrounded by a large crowd.

6

> He denied any anger explosions over the past two weeks. By March 2016, the claimant reported his relationship with his wife had improved and said his episodes of irritability were manageable. His therapist noted some low-grade anxiety during the session. In May 2016, the claimant reported he would go on dates with his wife and had interests outside of the home. He said he was able to do yard work at his own pace. He reported his nightmares had continued and said his medications were working "okay" and that he sometimes used his anger management skills (Exhibit 12F). The claimant continued to report ongoing problems to his private therapist, though he denied any new problems. He continued to report post-traumatic stress disorder symptoms and said he was anxious easily (Exhibit 13F).

(Tr. 19-20). The ALJ's summary of the VA medical evidence is accurate and supported by substantial evidence in the record. Although plaintiff points in his objections to portions of the VA medical records documenting chronic PTSD symptoms, anxiety, and depression, which unquestionably are present, ample evidence in the same records supports the ALJ's determinations as to the degree of plaintiff's impairments and limitations.

For example, see: Tr. 332 ("Mood and affect reflect no major depression or excess anxiety at this time. Thoughts remain well organized with good judgment and stable impulse controls noted."); Tr. 337 ("Mood was slightly anxious with full, congruent affect."); Tr. 344 ("The veteran was participatory in group. He presented very attentively and respectfully."); Tr. 353 ("he is feeling less stressed than when he arrived"); Tr. 429 ("He has plans to take cooking, computer and gardening classes at his local community college"); Tr. 431 ("Pt reported his mood is up and down but he is managing. He reported having PTSD sx and trying to cope with it. He still has nightmares but it's better compare[d] to before."); Tr. 484 ("Veteran reports increase in anxiety with recent stressors."); Tr. 508 ("Alert and cooperative. Attentive. Speech is normal rate/tone/volume. Low grade anxiety but no overt depression currently. Denies SI/HI. Thoughts remain organized and logical. Judgment and impulse controls intact."); Tr. 528 ("The veteran reports a successful experience in New York watching the ball drop in Times Square for New Years. He reports his alcohol consumption has been

7

moderate and he has refrained from having an angry episode in at least two weeks."); Tr. 532 ("Pt reported he and his wife are doing better. . . . He does have episodes of irritability which are manageable."); Tr. 535 ("Veteran reports no improvement in PTSD symptoms. He continues to have intrusive thoughts and is getting around four to six hour of sleep. However he states the quality of the sleep has improved. He states his meds are working ok."); Tr. 539 ("Participation was active and appropriate. Patient indicated continued interest in making progress with goals.").

Where substantial evidence in the record supports the ALJ's determinations regarding the weight given to Dr. Mayo's opinion, plaintiff's testimony and 100% VA disability rating, this court does not undertake to reweigh the evidence.

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation in the M&R. Plaintiff's motion for judgment on the pleadings (DE 11) is DENIED, defendant's motion for judgment on the pleadings (DE 15) is GRANTED, and defendant's final decision is affirmed. For good cause shown defendant's motion for leave to file late response (DE 19) is GRANTED. The clerk of court is DIRECTED to close this case.

SO ORDERED this the 20th day of March, 2018.

LOUISE W. FLANAGAN
United States District Judge